EXHIBIT "2"

Electronically FILED by Superior Court of California, County of Los Angeles on 04/26/2019 10:37 AM Sherri R. Carter, Executive Officer/Clerk of Court, by K. Hung, Deputy Clerk

Brett D. Watson, SBN: 203183
E-Mail: bwatson@ldattorneys.com
Nicole Z. Davidson, SBN: 302783
E-Mail: ndavidson@ldattorneys.com
LOMBARDI & DONOHUE LLP
800 Wilshire Boulevard, Suite 800
Los Angeles, CA 90017
Tel.:   (213) 688-0430
Fax:   (213) 688-0440

Attorneys for Defendant IOU Central, Inc.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

| | |
|---|---|
| RUNI EXPRESS, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>IOU CENTRAL, INC., a Delaware corporation; and DOES 1 to 50, inclusive,<br><br>Defendants. | Case No. 19STCV07726<br><br>[Assigned for all purposes to the Honorable Susan Bryant-Deason, Dept. 52]<br><br>**DEFENDANT IOU CENTRAL, INC.'S NOTICE OF DEMURRER AND DEMURRER TO PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Filed and served concurrently with Motion to Strike; Request for Judicial Notice; Declaration of Nicole Z. Davidson pursuant to California Code of Civil Procedure Section 430.41; [Proposed] Order]<br><br>DATE:   July 1, 2019<br>TIME:   8:30 a.m.<br>DEPT.:  52<br>RES ID: 957558349090<br><br>Complaint Filed: March 6, 2019 |

DEFENDANT IOU CENTRAL, INC.'S NOTICE OF DEMURRER AND DEMURRER TO PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

3142729

EXH 2, PG 36

TO THIS HONORABLE COURT, THE PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on **July 1, 2019, at 8:30 a.m.** in **Department "52"** of the above entitled Court, located at 111 North Hill Street, Los Angeles, California 90012, Defendant IOU CENTRAL, INC. ("IOU") will and hereby does demurrer to the Complaint filed by Plaintiff RUNI EXPRESS, INC. ("Plaintiff").

IOU's demurrers are made generally and specifically pursuant to California *Code of Civil Procedure* ("C.C.P.") §§ 430.10(e) on the following grounds:

1. Plaintiff's First Cause of Action for *fraud and deceit* fails to state facts sufficient to constitute a cause of action against IOU. C.C.P. §430.10(e).

2. Plaintiff's Second Cause of Action for *unfair business practices (Bus. & Prof. Code § 17200 et seq.)* fails to state facts sufficient to constitute a cause of action against IOU. C.C.P. §430.10(e).

3. Plaintiff's Third Cause of Action for *violation of California financial law (Financial Code Section 22802)* fails to state facts sufficient to constitute a cause of action against IOU. C.C.P. §430.10(e).

IOU's demurrer is based upon this notice, the accompanying memorandum of points and authorities, the supporting declaration of Nicole Z. Davidson, the Request for Judicial Notice submitted concurrently herewith, the pleadings and papers on file in this action, and on such further oral and documentary evidence as may be presented at the hearing of this demurrer and/or is otherwise properly before this Court.

DATED: April 25, 2019                    LOMBARDI & DONOHUE LLP

By _____
Brett D. Watson
Nicole Z. Davidson
Attorneys for Defendant, IOU CENTRAL, INC.

- 1 -
DEFENDANT IOU CENTRAL, INC.'S NOTICE OF DEMURRER AND DEMURRER TO PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

## DEMURRER TO COMPLAINT

Defendant IOU CENTRAL, INC. ("IOU") demurs to Plaintiff RUNI EXPRESS INC.'s ("Plaintiff") Complaint on each of the following grounds:

### DEMURRER TO FIRST CAUSE OF ACTION FOR "FRAUD AND DECEIT"

1. Plaintiff's First Cause of Action for *fraud and deceit* fails to state facts sufficient to constitute a cause of action against IOU. C.C.P. §430.10(e).

### DEMURRER TO SECOND CAUSE OF ACTION FOR "UNFAIR BUSINESS PRACTICES"

2. Plaintiff's Second Cause of Action for *unfair business practices (Bus. & Prof. Code § 17200 et seq.)* fails to state facts sufficient to constitute a cause of action against IOU. C.C.P. §430.10(e).

### DEMURRER TO THIRD CAUSE OF ACTION FOR "VIOLATION OF CALIFORNIA FINANCING LAW (FINANCIAL CODE SECTION 22802)"

3. Plaintiff's Third Cause of Action for *violation of California Financing Law (Financial Code Section 22802)* fails to state facts sufficient to constitute a cause of action against IOU. C.C.P. §430.10(e).

DATED: April 25, 2019         LOMBARDI & DONOHUE LLP

By _____
Brett D. Watson
Nicole Z. Davidson
Attorneys for Defendant, IOU CENTRAL, INC.

- 2 -
DEFENDANT IOU CENTRAL, INC.'S NOTICE OF DEMURRER AND DEMURRER TO PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

3142729

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant IOU CENTRAL, INC. ("IOU") respectfully submits this memorandum of points and authorities in support of its demurrer to RUNI EXPRESS INC.'s ("Plaintiff") Complaint.

### I. INTRODUCTION

Plaintiff claims that IOU made various misrepresentations and omissions in connection with a commercial loan to Plaintiff. On that basis, Plaintiff asserts causes of action for fraud, violation of California Financial Code Section 22802, and for violation of California's Unfair Competition Law (UCL, Bus. & Prof. Code § 17200 et seq.). The fatal flaw with Plaintiff's Complaint is that the commercial loan was made pursuant to a written promissory note (the "Promissory Note"), signed by Plaintiff, which clearly contradicts Plaintiff's allegations concerning the misrepresentations and omissions. For example, Plaintiff claims that IOU never disclosed the annualized percentage rate ("APR") to Plaintiff. However, IOU clearly disclosed that interest on the unpaid principal balance of the loan would accrue at a rate of 9.25% per annum in Paragraph 5 of the Promissory Note. The interest rate was not hidden; it was stated on the first page of the three and a half page Promissory Note.

Plaintiff failed to attach a copy of the Promissory Note as an exhibit to the Complaint. However, the Court may take judicial notice of the Promissory Note pursuant to California Evidence Code Section 452, subdivision (h) and relevant case law, as set forth in IOU's Request for Judicial Notice, submitted concurrently herewith. A copy of the Promissory Note is attached as Exhibit A to the Request for Judicial Notice. Plaintiff should not be permitted to bypass this Demurrer by suppressing facts to which the Court will judicially notice. Because all of Plaintiff's causes of action are based on factual allegations that are contradicted by judicially noticeable facts, those allegations should be disregarded and the Demurrer should be sustained. Further, and as an independent basis for sustaining the Demurrer, Plaintiff fails to plead its fraud claim with the requisite specificity and does not have standing to bring a claim under California Financial Code Section 22802 because there is no private right of action under that section.

- 1 -
DEFENDANT IOU CENTRAL, INC.'S NOTICE OF DEMURRER AND DEMURRER TO PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

3142729

EXH 2, PG 39

## II. ALLEGATIONS IN THE COMPLAINT AND FACTS SUBJECT TO JUDICIAL NOTICE

Plaintiff, a California corporation, claims that it was approached by IOU on or about January 2019 about a commercial loan. (Complaint, ¶ 11.) In the Complaint, Plaintiff alleges that IOU made the following misrepresentations and omissions in connection with the loan:

1. "At all times, IOU did not disclose the annualized percentage rate" (Complaint, ¶ 13);
2. IOU misrepresented the gross principal amount of the loan (Complaint, ¶ 12);
3. IOU did not disclose "what the money was going to cost" (Complaint, ¶ 14);
4. IOU "hid" the loan guaranty fee in the amount of $17,000 (Complaint, ¶ 15); and,
5. IOU added undisclosed "Post Servicing Fees" in the amount of $5,970 (Complaint, ¶ 15).

However, these alleged misrepresentations and omissions are contradicted by the written Promissory Note, a copy of which is attached as Exhibit A to the Request for Judicial Notice submitted concurrently herewith, as follows:

1. IOU clearly disclosed that the loan would be subject to a 9.25% annual interest rate in Paragraph 5 of the Promissory Note (*see* concurrently filed Request for Judicial Notice ("RJN"), Ex. A, Promissory Note, ¶ 5 ("Interest on the unpaid principal balance will accrue at a rate of 9.25% per annum . . ."));
2. IOU disclosed that the principal amount of the Loan was $106,000.00. Paragraph 2 of the Promissory Note states: "Borrower promises to pay $106,000.00 (the 'Gross Loan Amount' or 'Principal'), plus Interest and fees, to the order of Lender or Lender's assignee" (*id.* ¶ 2);
3. IOU disclosed "what the money was going to cost" in Paragraph 3 of the Promissory Note. Specifically, the Promissory Note disclosed that "Borrower will make 52 payments (including the final payment) of $2,503.14 (each a 'Payment

- 2 -
DEFENDANT IOU CENTRAL, INC.'S NOTICE OF DEMURRER AND DEMURRER TO PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

3142729
EXH 2, PG 40

LOMBARDI & DONOHUE LLP
800 Wilshire Boulevard, Suite 800
Los Angeles, California 90017

Amount') and a final payment of $330.42 (the 'Final Payment Amount') to Lender," which totals $127,990.56 (*id.* ¶ 3);

4. IOU clearly disclosed the loan guaranty fee in the amount of $17,000.00 in Paragraph 5 of the Promissory Note (Promissory Note, ¶ 5 ("Excluded from the Principal is a Loan Guaranty Fee of $17,000.00.")) (*id.* at ¶ 5);

5. IOU disclosed the post servicing fees (*id.* at ¶¶ 10, 11).

As discussed in more detail below, based on the allegations in the Complaint and facts of which this Court may take judicial notice, Plaintiff fails to state any viable cause of action against IOU.

### III. STANDARD OF REVIEW FOR DEMURRER

A party may object by demurrer to a complaint on the grounds that "[t]he pleading does not state facts sufficient to constitute a cause of action" or "[t]he pleading is uncertain." Cal. Civ. Proc. §431.10. "When any ground for objection to a complaint, cross-complaint, or answer appears on the face thereof, or from any matter of which the court is required to or may take judicial notice, the objection on that ground may be taken by a demurrer to the pleading." Cal. Civ. Proc. §430.30. Generally, for the purpose of testing the sufficiency of the cause of action, the demurrer admits the truth of all material facts properly pleaded (i.e., all ultimate facts alleged, but not contentions, deductions or conclusions of fact or law). *Aubry v. Tri-City Hosp. Dist.* (1992) 2 Cal.4th 962, 966-967. However, the allegations of the complaint are not accepted as true if they contradict or are inconsistent with facts judicially noticed by the court. *Cansino v. Bank of America* (2014) 224 Cal.App.4th 1462, 1468; *Scott v. JPMorgan Chase Bank, N.A.* (2013) 214 Cal.App.4th 743, 752 ("Indeed, a demurrer may be sustained where judicially noticeable facts render the pleading defective, and allegations in the pleading may be disregarded if they are contrary to facts judicially noticed.")

A demurrer is proper where a complaint fails to state a cause of action or discloses a defense that would bar recovery. *Balikov v. S. Cal. Gas Co.*, 94 Cal.App.4th 816, 819-820 (2001). A demurrer may be sustained without leave to amend where it is probable from the nature of the

-3-

DEFENDANT IOU CENTRAL, INC.'S NOTICE OF DEMURRER AND DEMURRER TO PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

3142729

EXH 2, PG 41

defects that the plaintiff cannot state a cause of action. *See Stewart v. Douglass*, 148 Cal. 511, 512 (1906); *Loeffler v. Wright*, 13 Cal.App. 224, 232 (1910). Moreover, a demurrer may be sustained without leave to amend where it is evident from the nature of the complaint that the plaintiff could not state a cause of action or where there is no "reasonable probability that the defect can be cured by amendment." *Blank v. Kirwan*, 39 Cal.3d 311, 318 (1985). Where no liability exists on the applicable law, the demurrer must be granted and leave to amend should be denied. *See Kingsbury v. Tevco, Inc.*, 79 Cal.App.3d 314 (1978).

## IV. PLAINTIFF'S CLAIMS FAIL AS A MATTER OF LAW

### A. Plaintiff's First Cause of Action for fraud and deceit fails to state facts sufficient to constitute a cause of action against IOU

Plaintiff's First Cause of Action for fraud and deceit fails because the allegations in the Complaint directly contradict the written Promissory Note, of which the Court may take judicial notice when ruling on the instant Demurrer. Further, Plaintiff has failed to plead fraud with the requisite specificity.

The threshold element of misrepresentation may consist of a knowingly false representation (Civ. Code, § 1710(1)) or concealment or nondisclosure of facts (Civ. Code, § 1710(1)). Here, the Complaint alleges that IOU made certain misrepresentations and omissions in connection with the loan. However, as set forth above, each of the alleged misrepresentations and omissions is contradicted by the written Promissory Note, of which the Court may take judicial notice as set forth in IOU's Request for Judicial Notice submitted concurrently herewith. Those allegations should be disregarded and IOU's demurrer to the Plaintiff's First Cause of Action should be sustained without leave to amend. *Scott*, 214 Cal.App.4th at 752 ("Indeed, a demurrer may be sustained where judicially noticeable facts render the pleading defective, and allegations in the pleading may be disregarded if they are contrary to facts judicially noticed."); *Cansino*, 224 Cal.App.4th at 1468 (the allegations of the complaint are not accepted as true if they contradict or are inconsistent with facts judicially noticed by the court).

However, even if the Court does not take judicial notice of the written Promissory Note,

- 4 -
DEFENDANT IOU CENTRAL, INC.'S NOTICE OF DEMURRER AND DEMURRER TO PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

considering the allegations in the Complaint alone and admitting them as true, Plaintiff still fails to adequately plead a cause of action for fraud under California law.

The essential allegations of a cause of action for fraud based on misrepresentation are: (1) a representation, (2) falsity, (3) knowledge of falsity, (4) intent to deceive, and (5) reliance and resulting damage (causation). *Hamilton v. Greenwich Investors XXVI, LLC,* 195 Cal.App.4th 1602, 1614 (2011). Fraud based on a knowingly false representation must be pleaded specifically; general and conclusory allegations do not suffice. *Lazar v. Superior Court* (1996) 12 Cal.4th 631, 645. To survive demurrer, plaintiff must plead facts that "show how, when, where, to whom, and by what means the representations were tendered." *Id.* Plaintiff's burden in asserting a fraud claim against a corporate defendant, like IOU, is even greater. In such a case, the plaintiff must "allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." *Id.*

Here, Plaintiff does not specify who at IOU communicated any of the alleged misrepresentations to Plaintiff, the means of the alleged misrepresentations, or when the alleged misrepresentations were made. These conclusory allegations are far from specific enough to state a claim for fraud. Accordingly, IOU's demurrer to Plaintiff's First Cause of Action should be sustained without leave to amend.

**B.   Plaintiff's Third Cause of Action for violation of California Financial Law fails to state facts sufficient to constitute a cause of action against IOU**

Plaintiff's Third Cause of Action for violation of Financial Code Section 22802 fails because there is no private right of action under that section, and, even if there were, Plaintiff has failed to sufficiently allege that IOU did not make the disclosures required under Financial Code Section 22802.

Financial Code Section 22802 is a newly enacted section, effective January 1, 2019, which requires a lender to make certain disclosures to borrowers. *See* Fin. Code, § 22802. The Financial Code provides that Section 22802 (part of Division 9.5) is enforced by the commissioner under California Financing Law Division 9 (commencing with Section 22000). *See* Fin. Code, § 22805.

- 5 -
DEFENDANT IOU CENTRAL, INC.'S NOTICE OF DEMURRER AND DEMURRER TO PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

LOMBARDI & DONOHUE LLP
800 Wilshire Boulevard, Suite 800
Los Angeles, California 90017

The remedies provided under Division 9 do <u>not</u> include a private right of action; only government enforcement. Division 9 provides:

> Any person who willfully violates any provisions of this division, or who willfully violates any rule or order adopted pursuant to this division, shall be liable for a civil penalty not to exceed two thousand five hundred dollars ($2,500) for each violation, ***which shall be assessed and recovered in a civil action brought in the name of the people of the State of California by the commissioner in any court of competent jurisdiction.***

Fin. Code, § 22713(c)(emphasis added.)

Courts have concluded that there is no private right of action to enforce a violation under Division 9 of the Financial Code. *See Cazares v. Household Finance Corp.*, 2005 WL 6418178, at *12 (C.D. Cal. 2005) (dismissing claim brought under § 22302 because the statute does not provide a private right of action). Because Division 9.5 is enforced under Division 9, there likewise is no private right of action under Section 22802. Accordingly, Plaintiff has failed to state a claim under Section 22802 of the Financial Code. *See County of Fresno v. Shelton* (1998) 66 Cal.App.4th 996, 1009 (If plaintiff's lack of standing to sue appears on the face of the complaint or from matters judicially noticeable, a general demurrer lies for failure to state a cause of action under C.C.P. §430.10(e).)

Even if there were a private right of action, Plaintiff has failed to sufficiently allege that IOU did not make the required disclosures under Financial Code Section 22802. The code requires the disclosure of the following: (1) the total amount of funds provided; (2) the total dollar cost of the financing; (3) the term or estimated term; (4) the method, frequency, and amount of payments; (5) a description of prepayment policies; and, (6) the total cost of the financing expressed as an annualized rate. Fin. Code, § 22802(b)(1)-(6).

The Promissory Note clearly satisfies Section 22802's disclosure requirements. IOU disclosed the "total amount of funds provided" on the top of page 1 of the Promissory Note in bolded font ("Loan Amount: $100,000.00"). *See* RJN, Ex. A, Promissory Note, p. 1. In

- 6 -
DEFENDANT IOU CENTRAL, INC.'S NOTICE OF DEMURRER AND DEMURRER TO PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

3142729
EXH 2, PG 44

Paragraph 3 of the Promissory Note, IOU disclosed the "total dollar cost of the financing" ($127,990.56), the term of the loan (one year), and the amount of payments (52 payments). *Id.* at ¶ 3. Paragraph 3 also discloses the prepayment policy, whereby the borrower may prepay the entire principal balance at any time without penalty. *Id.* Further, Paragraph 5 of the Promissory Note clearly states the annualized rate at 9.25%. Lastly, the Promissory Note is signed by Plaintiff. *Id.*, p. 4.

Accordingly, because there is no private right of action under Division 9.5, and even if there were, Plaintiff cannot demonstrate a violation, IOU's demurrer to Plaintiff's Third Cause of Action should be sustained without leave to amend.

### C. Plaintiff's Second Cause of Action for unfair business practices fails to state facts sufficient to constitute a cause of action against IOU

Plaintiff claims that IOU violated California's Unfair Competition Law (Bus. & Prof. Code § 17200 *et seq.*) when it engaged in lending activity without complying with California Financing Law. (Complaint, ¶ 23.) Because Plaintiff has not adequately pleaded any unlawful act or practice, its cause of action under UCL fails.

The UCL prohibits, and provides civil remedies for, "unfair competition," defined as "any unlawful, unfair or fraudulent business act or practice." Claims based on the "unlawful" prong of the UCL "borrow" violations of other laws and make those unlawful practices separately actionable through the UCL. *Klein v. Chevron U.S.A., Inc.* (2012) 202 Cal.App.4th 1342, 1382. "Unlawful" conduct includes any business practice or act forbidden by local, state or federal statutes or by regulations or case law. *Munson v. Del Taco, Inc.* (2009) 46 Cal.4th 661, 676 ("Violations of federal as well as state and local law may serve as the predicate for an unlawful practice claim under Business and Professions Code section 17200").

Because Plaintiff's other causes of action fail, Plaintiff has failed to plead the predicate unlawful law required by UCL. Accordingly, the Court should sustain IOU's demurrer to Plaintiff's Second Cause of Action without leave to amend.

-7-
DEFENDANT IOU CENTRAL, INC.'S NOTICE OF DEMURRER AND DEMURRER TO PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

## V. CONCLUSION

For the reasons stated above, IOU respectfully requests that each of its demurrers be sustained without leave to amend and that Plaintiff's Complaint be dismissed, with prejudice.

DATED: April 25, 2019                    LOMBARDI & DONOHUE LLP

By _____
Brett D. Watson
Nicole Z. Davidson
Attorneys for Defendant, IOU CENTRAL, INC.

- 8 -
DEFENDANT IOU CENTRAL, INC.'S NOTICE OF DEMURRER AND DEMURRER TO PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

3142729
EXH 2, PG 46



# Journal Technologies Court Portal

# Make a Reservation

RUNI EXPRESS, INC., A CALIFORNIA CORPORATION vs IOU CENTRAL, INC., A DELAWARE CORPORATION

Case Number: 19STCV07726   Case Type: Civil Unlimited   Category: Fraud (no contract)
Date Filed: 2019-03-06   Location: Stanley Mosk Courthouse - Department 52

## Reservation

**Case Name:**
RUNI EXPRESS, INC., A CALIFORNIA CORPORATION vs IOU CENTRAL, INC., A DELAWARE CORPORATION

**Case Number:**
19STCV07726

**Type:**
Demurrer - with Motion to Strike (CCP 430.10)

**Status:**
RESERVED

**Filing Party:**
IOU CENTRAL, INC., a Delaware corporation (Defendant)

**Location:**
Stanley Mosk Courthouse - Department 52

**Date/Time:**
07/01/2019 8:31 AM

**Number of Motions:**
1

**Reservation ID:**
957558349090

**Confirmation Code:**
CR-CRFCJDVV9GOMGRMLP

## Fees

| Description | Fee | Qty | Amount |
|---|---|---|---|
| First Paper Fees (Unlimited Civil) | 435.00 | 1 | 435.00 |
| Demurrer - with Motion to Strike (CCP 430.10) | 60.00 | 1 | 60.00 |
| Credit Card Percentage Fee (2.75%) | 13.61 | 1 | 13.61 |
| TOTAL | | | $508.61 |

## Payment

**Amount:**
$508.61

**Type:**
MasterCard

**Account Number:**
XXXX4324

**Authorization:**
035839

🖨 Print Receipt   ➕ Reserve Another Hearing   👤 View My Reservations

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

I, Lisa S. Gibbons, am employed in the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is 800 Wilshire Boulevard, Suite 800, Los Angeles, California 90017.

On April 26, 2019 I served the foregoing "DEFENDANT IOU CENTRAL, INC.'S NOTICE OF DEMURRER AND DEMURRER TO PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF" on Interested Parties in this action as follows:

Calvin J. Park, Esq.
Law Offices of Calvin J. Park, APC
2105 Beverly Blvd., Suite 127
Los Angeles, California 90057
Phone: (213) 380-3601
E-Mail: calvinpark@us-attorney.net
Attorneys for Plaintiff Runi Express, Inc.

[X]  (BY U.S. MAIL) I deposited such envelope in the mail at Los Angeles, California. The envelopes were mailed with postage thereon fully prepaid. I am readily familiar with Lombardi & Donohue's practice of collection and processing correspondence for mailing. Under that practice, documents are deposited with the U.S. Postal Service on the same day which is stated in the proof of service, with postage fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date stated in this proof of service.

[X]  (VIA ONELEGAL) I caused such document(s) to be served electronically pursuant to the Los Angeles County Superior Court's Electronic Case Filing Program to be delivered electronically to those parties who have registered to become an E-Filer.

[X]  (STATE)  I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 26, 2019 in Los Angeles, California.

_____
Lisa S. Gibbons